LAW LIBRARY

NO. 29141

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
RUSSELL YUE, Defendant-Appellant.

2010 SEP 23 AM 10: 56 FILED K. HAMAKADO CLERK, APPELLATE COURTS STATE OF HAWAII

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(FC-CR. NO. 07-1-1702)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Russell Yue (Yue) appeals from the Judgment of Conviction and Sentence (judgment) filed on April 4, 2008 in the Circuit Court of the First Circuit (circuit court),[1] convicting him of one count of Abuse of Family and Household Members in violation of Hawaii Revised Statutes (HRS) § 709-906.[2]

On appeal, Yue contends that he received ineffective assistance of trial counsel for a variety of reasons, including his trial counsel's failure to request a jury instruction on the defense of Use of Force for the Protection of Property (Protection of Property Defense).

---

[1] The Honorable Rhonda A. Nishimura presided.

[2] HRS § 709-906 (1993 & Supp. 2007) provides, in pertinent part:

§709-906 Abuse of family and household members; penalty. (1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member
. . . .

For the purposes of this section, "family or household member" means spouses or reciprocal beneficiaries, former spouses or reciprocal beneficiaries, persons who have a child in common, parents, children, persons related by consanguinity, and persons jointly residing or formerly residing in the same dwelling unit.

Upon careful review of the record and the briefs submitted by the parties, having given due consideration to the arguments advanced and the issues raised by the parties, and in light of the recent decision in State v. Stenger, 122 Hawaiʻi 271, 226 P.3d 441 (2010),[3] we conclude that the circuit court plainly erred in failing to instruct the jury on the Protection of Property Defense. Because we decide this appeal based on Stenger, we do not reach any further issues on appeal.

I. Background

On July 10, 2007, Plaintiff-Appellee State of Hawaiʻi (State) charged Defendant Yue with two counts of Abuse of Family and Household Members in violation of HRS § 709-906. Count I charged Yue with intentionally, knowingly, or recklessly physically abusing his wife, Ok Nam Yue (Ok Nam), on June 30, 2007; Count II charged Yue with intentionally, knowingly, or recklessly physically abusing his daughter, Jennifer Yue (Jennifer), also on June 30, 2007.

The charges stem from an incident on June 30, 2007, when Yue and his wife got into a physical altercation at his office. Ok Nam and Jennifer went to Yue's place of work, allegedly to get money he owed Jennifer. While in Yue's office, Ok Nam and Yue got into a verbal and physical altercation that resulted in Ok Nam allegedly hitting her head on the floor. One week prior, Ok Nam had attended the funeral of Yue's mother and after the funeral service served Yue with a divorce complaint and allegedly initiated an altercation with him where she was yelling and hitting him. The question of whether Ok Nam instigated the events on June 30, 2007 was central to the case.

A jury trial was held September 25 through September 27, 2007. Yue was represented at trial by attorney

---

[3] The decision in Stenger was issued in March 2010.

Blake Okimoto. (Okimoto or trial counsel). After deliberations, the jury found Yue guilty as charged as to Count I and not guilty as to Count II.

Defendant Yue then filed a motion for new trial, alleging that Okimoto had been ineffective trial counsel. Hearings on the motion were held on December 13, 2007, January 18, 2008, February 15, 2008, and March 7, 2008. On April 4, 2008, the circuit court issued its oral decision denying the motion for new trial and on June 24, 2008 filed its "Findings of Fact, Conclusions of Law, and Order Denying Defendant's Motion for New Trial."

The circuit court entered its judgment on April 4, 2008 and sentenced Defendant to two years of probation and seven days of imprisonment, with credit for time served.[4]

Defendant's timely appeal followed.

## II. Discussion

It is undisputed that trial counsel did not submit a proposed instruction on the Protection of Property Defense to the court for consideration by the jury. Such an instruction would have been based on HRS § 703-306 (1993), which provides, in pertinent part:

> §703-306 Use of force for the protection of property. (1) The use of force upon or toward the person of another is justifiable when the actor believes that such force is immediately necessary:
>
> . . .
>
> (c) To prevent theft, criminal mischief, or any trespassory taking of tangible, movable property in the actor's possession or in the possession of another person for whose protection the actor acts.
>
> (2) The actor may in the circumstances specified in subsection (1) use such force as the actor believes is necessary to protect the threatened property, provided that the actor first requests the person against whom force is

---

[4] Defendant's sentence was stayed pending appeal.

used to desist from the person's interference with the property, unless the actor believes that:

(a) Such a request would be useless; or

(b) It would be dangerous to the actor or another person to make the request; or

(c) Substantial harm would be done to the physical condition of the property which is sought to be protected before the request could effectively be made.

Trial counsel did submit a proposed jury instruction, and the circuit court did instruct the jury, on the defense of Use of Force in Self-Protection (Self Defense) under HRS § 703-304 (1993).[5] However, that jury instruction necessarily did not

---

[5] The Self-Defense jury instruction read:

**7.01 Self Defense**
Justifiable use of force--commonly known as self defense--is a defense to the charge of Abuse of Family and Household Members. The burden is on the prosecution to prove beyond a reasonable doubt that the force used by the defendant was not justifiable. If the prosecution does not meet its burden then you must find the defendant not guilty.

The use of force upon or toward another person is justified when a person reasonably believes that such force is immediately necessary to protect himself on the present occasion against the use of unlawful force by the other person. The reasonableness of the defendant's belief that the use of such protective force was immediately necessary shall be determined from the viewpoint of a reasonable person in the defendant's position under the circumstances of which the defendant was aware or as the defendant reasonably believed them to be.

"Force" means any bodily impact, restraint, or confinement, or the threat thereof.

"Unlawful force" means force which is used without the consent of the person against whom it is directed and the use of which would constitute an unjustifiable use of force.

If and only if you find the defendant was reckless in having a belief that he was justified in using self-protective force against another person, or that the defendant was reckless in acquiring or failing to acquire any knowledge or belief which was material to the justifiablity of his use of force against the other person, then the use of such self-protective force is unavailable as a defense to the offense of Abuse of Family and

(continued...)

4

provide the same instructions that would have been covered by a jury instruction on the Protection of Property Defense. Moreover, during the trial, trial counsel argued, elicited testimony, and submitted evidence that Ok Nam not only initiated the physical altercation with defendant Yue, but also that she allegedly was damaging property in his office.

The defense entered into evidence Exhibit F, a broken compact disc (CD) which Yue testified his wife had "wrecked." Defendant Yue told the jury that the CD got ripped in half by his wife, who "bent it with her hands" because

> she was very angry. She grabbed more software after that. The software is located on the left side of my index tray. I had some Verizon software I just picked up some, a new program from Verizon and I was able to get that software away from her . . . [s]he grabbed more of my software and I grabbed her with my left hand and I pulled the software and as I did that, she fell back.

When asked how Ok Nam ended up on the floor of his office, Yue testified that "she started grabbing software . . . and started actually bending it with her hands, and I got kind of outraged by that because that's all my company files on there, a lot of hard work." Yue further testified:

> I tried to stop her from touching anymore software . . . I tried to grab the software out of her hands and when I tried, she had a Verizon software that we just got sent . . . that software from Verizon, and when I tried to - it's for my charge card issues, when I do the charge cards via the computer and that was really important. It wasn't the cost of the software, it was free from Verizon. I tried to pull the software away from her hands. I grabbed her right with my left hand and she fell back and I retained the software. I put the software back on the desk where it fell on the ground. I don't recall.

Yue also testified that Ok Nam "had a software that was damaged already, and she was trying to strike me in the face with the software." When asked if he "had to protect [himself]," Yue

_____

[5](...continued)
Household Members.

replied, "I was, I grasped her arms because she was really pulling on my shirt . . ."[6]

Sang Park, a witness for the defense, also testified that he witnessed Ok Nam violently damaging property. He said that he saw Ok Nam go to one of the desks in Yue's office

> and [do] one of these numbers where she got her arm and kine'a pushed everything off the desk. She had some software and kine'a like bent it, and then . . . Russell kine'a went up to her, like, what are you doing, and then she grabbed him by the collar and was kine'a like with the other arm just flailing at him.

Given the manner in which Yue's defense was presented at trial, the substantial evidence in the case, and that Self Defense and the Protection of Property Defense are distinct and separate defenses,[7] the circuit court had a duty under Stenger to *sua sponte* instruct the jury on the Protection of Property Defense.

In Stenger, the Hawai'i Supreme Court considered whether and when a trial court is obligated to give a jury

---

[6] During trial, Ok Nam testified regarding the CD, including:

> . . . I was stepping back and I had to hold on to the desk with my left hand and there was a CD right there, right on the desk, so I grabbed the CD and because of the urgency [of] him coming towards me, I grabbed the CD and I did this motion to stop him from coming towards me.

When asked why she had grabbed the CD, Ok Nam responded: "I didn't have anything else to grab and my hand was on the desk and it was just there, and I didn't know what it was, I just grabbed it." Ok Nam testified that she did not rip, destroy, or bend a CD, and that her husband never tried to stop her from damaging the CD.

[7] We recognize, as the circuit court did, that the commentary to HRS § 703-306 states: "(Note that in any case in which the actor fears bodily injury to the actor or another, §§703-304, 305 would apply rather than §703-306. Thus, robbery may be covered by those sections rather than this, if the robber places the actor in fear of bodily injury or death.)." The commentary arguably creates some confusion regarding these defenses, but does not resolve the question of whether an instruction should be given in cases like this where both defenses may apply. The requirements for Self Defense are distinct from the requirements under the Protection of Property Defense and thus a jury should be instructed on both if each defense potentially applies.

6

instruction on a potential defense where the defendant has not requested the instruction. Four separate opinions were issued, with a majority of the court, in two opinions, ruling that the trial court was obligated, *sua sponte*, to give the jury instruction at issue in that case. 122 Hawai'i at 273, 226 P.3d at 443 (Acoba, J.); id. at 296, 226 P.3d at 466 (Kim, J., concurring); id. at 297, 226 P.3d at 467 (Moon, C.J., dissenting); id. at 300, 226 P.3d at 470 (Nakayama, J., dissenting). While the multiple opinions differ regarding the applicable standard, it is at least clear that four of the five members of that court agree that a trial court has a duty to *sua sponte* instruct the jury on a particular defense if: "(1) it appears that the defendant is relying on such a defense, or (2) if there is substantial evidence supportive of such a defense and the defense is not inconsistent with the defendant's theory of the case." 122 Hawai'i at 299, 226 P.3d at 469 (Moon, C.J., dissenting); id. at 281, 226 P.3d at 451 (Acoba, J.); id. at 296-97, 226 P.3d at 466-67 (Kim, J., concurring).

In this case, the theory that Yue acted to protect not only himself but his property was central to the defense presentation at trial. There was also substantial evidence in support of a Protection of Property defense, including evidence of the bent CD and testimony that Defendant Yue was trying to prevent Ok Nam from further damaging his work property at the time of the altercation. Thus, a jury could have believed that Defendant Yue's use of force on Ok Nam was justifiable if Yue believed that such force was "immediately necessary . . . [t]o prevent . . . any trespassory taking of tangible, movable property" in Yue's possession. See HRS § 703-306.

We cannot say that the failure to instruct the jury on the Protection of Property Defense was harmless beyond a reasonable doubt, as "there is a reasonable possibility that the

error contributed to the defendant's conviction[.]"[8]  See Stenger, 122 Hawai'i at 281, 226 P.3d at 451 (quoting State v. Nichols, 111 Hawai'i 327, 337, 141 P.3d 974, 984 (2006)). Therefore, even though not requested by the defense, the circuit court had a duty to *sua sponte* instruct the jury on the Protection of Property Defense in this case.

III. Conclusion

For the foregoing reasons, we vacate the judgment entered on April 4, 2008 and remand for a new trial.

DATED:  Honolulu, Hawai'i, September 23, 2010.

On the briefs:

Michael J. Park
for Defendant-Appellant


Delanie D. Prescott-Tate
Deputy Prosecuting Attorney
City and County of Honolulu

Presiding Judge

Associate Judge

Associate Judge

----

[8]  Testimony by one witness, Scott Sakanashi, indicated that because Yue is "a big guy," if Ok Nam "was really hitting really hard, he probably would take it."  It is therefore possible that the jury rejected Self Defense, but would have favorably considered the Protection of Property Defense.